[No. 7,064.  Department One.—October 21, 1884.]
DELIA SWEETLAND, APPELLANT, v. D. D. SHATTUCK, RESPONDENT.

EVIDENCE—APPEAL—PRACTICE.—Where oral evidence of an agreement required to be in writing is received at the trial without objection, the question of its admissibility will not be considered on appeal.

APPEAL from a judgment of the late District Court of the Nineteenth Judicial District of the State of California, and from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*T. J. Crowley*, and *Alexander Campbell, Jr.*, for Appellant.

*Stanly, Stoney & Hayes*, for Respondent.

---

[No. 7,865.  Department One.—October 21, 1884.]
LOUIS VOGT, APPELLANT, v. GEORGE W. COPE ET AL., RESPONDENTS.

EVIDENCE—MARKET VALUE OF STOCK—REPORTS OF EXCHANGE BOARD.—The published reports of sales by a stock exchange board are not competent evidence to show the market value of shares of stock at a given time, unless accompanied by evidence showing or tending to show in what manner the reports were made up, where the information they contained was obtained, or whether the quotations of prices were derived from actual sales or otherwise.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts appear in the opinion of the court.

*Earl Bartlett*, and *Tyler & Tyler*, for Appellant.

*Jarboe & Harrison*, for Respondents.

ROSS, J.—Action for the conversion of certain mining stocks. The plaintiff recovered judgment, but only for nominal damages, inasmuch as there was no proof of the value of the property converted. The record shows that the plaintiff " offered to read in evidence from the published reports of sales of mining stocks in the San Francisco Stock Exchange Board, for the month of September, 1878, to show the highest market value of said stock since the conversion of the same, and which it was agreed might be read with the same effect as the original records of said Stock Exchange, subject to such objections as might be otherwise made. The plaintiff then offered to prove by these reports " that the stocks converted by the defendants sold at certain prices between the date of conversion and the bringing of the suit. The defendants objected to the introduction of the proffered evidence, on the ground, among others, that it was irrelevant, immaterial, and incompetent. The court sustained the objection, and the plaintiff submitted his case without making any proof of the value of the stocks converted.

As the case was submitted in the court below, that court could only award the plaintiff nominal damages. And if this ruling, with respect to the plaintiff's offer, was correct, we must affirm the judgment. There was nothing to show, or tending to show, how or in what manner the " reports of sales" were made up, where the information they contained was obtained ; or whether the quotations of prices made were derived from actual sales, or otherwise. In the absence of some such proof, the " reports of sales " offered by the plaintiff were incompetent, and the court below was right in its ruling. (*Whelan* v. *Lynch*, 60 N. Y. 474.) It would have been a very simple matter to have proved the value of the stocks in question, but simple as it was, the proof was not given. We must affirm the judgment and order. So ordered.

McKINSTRY, J., and McKEE, J., concurred.